IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE D. YARBER,

    Plaintiff,

  v.

COUNTY OF SANTA CLARA PROBATION DEPARTMENT,

    Defendant
                                   /

No. C-09-2298 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

Before the Court is the Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6), filed September 21, 2009 by defendant County of Santa Clara ("the County"), erroneously sued herein as County of Santa Clara Probation Department. Plaintiff Maurice D. Yarber ("Yarber") has filed opposition, to which the County has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby deems the matter suitable for decision thereon, VACATES the hearing scheduled for December 11, 2009, and rules as follows.

**BACKGROUND**

Yarber, who proceeds pro se, alleges that, in 1995, he pleaded no contest to a charge of inflicting corporal punishment on a cohabitant, and that, in 1996, he was placed on probation for three years by a state court judge. (See Amended Complaint ("AC") ¶ 7.)

Yarber also alleges that, in 1999, the probation department filed a petition to modify the terms of Yarber's probation and alleged therein that Yarber had violated the terms of his probation. (See AC ¶ 8.) According to the Amended Complaint, Yarber, in February 2000, admitted violating certain conditions of his probation, and, on March 10, 2000, he was sentenced by a state court to a prison term of four years. (See AC ¶ 10.)

Yarber alleges his probation officer "fabricated evidence to the effect that Yarber did not complete the terms of his probation" (see AC ¶ 11), that the probation department "withheld documents that Yarber signed showing that he was doing a misdemeanor probation before he was violated" (see id.), and that the probation department "refused to turn over the documents that demonstrated that Yarber's offense was a misdemeanor" (see id.). According to Yarber, he was "sentence[d] to prison for four year[s] because of the concealment" (see AC ¶ 5), and the withheld documents, which Yarber describes as "exculpatory," would have "exonerated" him (see AC ¶ 12). Further, Yarber alleges, "[t]he evidence has been concealed since [the probation department] filed a probation revocation petition," specifically, since 1999 (see AC ¶¶ 5, 8), and the County has denied Yarber access to the subject documents for "over 12 years" (see AC ¶ 12).

Based on the above allegations, Yarber asserts three federal claims, each brought pursuant to 42 U.S.C. § 1983, and titled, respectively, "denial of due process[;] failure to hold hearing," "First Amendment violation[;] denial of access to court," and "denial of equal protection[;] denial of right to vote." Additionally, in a fourth claim, Yarber alleges a violation of the California Public Records Act. He seeks the following relief: (1) a declaration that he is entitled to receive from the County "the probation report generated" in his state court case (see AC at 7:2-3); (2) an injunction ordering the County to provide him access to the "April 19, 1996 probation report filed on May 31, 1996 in the County of Santa Clara Superior Court" (see AC at 7:9-10); and (3) monetary damages in the amount of $10,000,000 "for the documents that were concealed and falsified by the County" (see AC ¶ 28).

//

**LEGAL STANDARD**

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**DISCUSSION**

**A. Federal Claims**

Yarber's § 1983 claims, liberally construed, are based on two theories. First, according to Yarber, the County, in 1999 or 2000, fabricated evidence and concealed from a state court judge certain documents and, as a result, Yarber was erroneously sentenced to a four-year prison term. Second, according to Yarber, the County has refused, for over twelve years, to provide him with a copy of a certain probation report or reports.

The County argues Yarber's claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994), or, alternatively, by the applicable statute of limitations.

**1. Fabrication/Concealment of Evidence**

As set forth in Heck v. Humphrey, where a plaintiff seeks "damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff's claim is "not cognizable" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." See Heck, 512 U.S. at 486-87. For example, a claim based on a theory that the plaintiff was wrongfully convicted because of falsified evidence is barred by Heck unless and until the conviction has been reversed or set aside. See id. at 479, 486-87, 490 (holding § 1983 claim that prosecutors and police investigator "knowingly destroyed evidence which was exculpatory in nature and could have proved [the plaintiff's] innocence"

3

not cognizable, where plaintiff's conviction had not been reversed or set aside).

Here, as noted, Yarber's claims are, in part, based on the theory that the County, through its probation officers, fabricated evidence and concealed from the state court material that, according to Yarber, would have been exculpatory, and that, as a result of the fabrication and concealment, Yarber was erroneously sentenced to a four-year prison term. The Court finds such claims seek relief for "harm caused by actions whose unlawfulness would render [the] sentence invalid." See id. at 486. Further, because Yarber does not allege his sentence has been reversed or set aside, and, indeed, alleges he is currently attempting to apply for a "pardon [or] clemency" (see AC ¶ 15), the Court finds that Yarber's claims, to the extent they are based on fabrication and/or concealment, are barred by Heck.

Accordingly, Yarber's federal claims, to the extent they are based on a theory the County fabricated and/or concealed evidence from the state court, are subject to dismissal.

**B. Refusal to Provide Documents**

As noted, Yarber also alleges the County has, for more than twelve years, refused to provide him copies of certain probation reports. Because those reports, according to Yarber, would show his four-year sentence was improperly imposed, the Court finds, for the reasons discussed above, Yarber's claims for damages based on the County's alleged refusal to provide documents is barred by Heck v. Humphrey. To the extent Yarber seeks declaratory and injunctive relief requiring the County to provide him with copies of the allegedly withheld reports, however, Yarber's claims do not appear to implicate the validity of his sentence. Consequently, the Court considers whether Yarber's claims for declaratory and injunctive relief are timely.

A federal civil rights claim under § 1983 accrues when a plaintiff "knows or has reason to know of the injury which is the basis of his action." See McCoy v. San Francisco, City & County, 14 F.3d 28, 29 (9th Cir. 1994) (internal citation and quotation omitted). Once a § 1983 claim accrues, the plaintiff must file the claim within the time provided by the forum state for the filing a personal injury action, see id., which, in California, is either one

or two years from the date of the accrual of the claims, depending on when the claim accrued, see Krupnick v. Duke Energy Morro Bay. L.L.C, 115 Cal. App. 4th 1026, 1028-30 (2004) (holding personal injury claim accruing before January 1, 2003 is subject to one-year statute of limitations, and personal injury claim accruing on or after January 1, 2003 is subject to two-year statute of limitations).

      Here, as noted, Yarber alleges the County has, for more than twelve years, refused to provide him copies of certain probation reports.  Although Yarber appears to allege the withholding of such documents has caused him continuing adverse consequences, such as a negative impact on his ability to apply for a pardon (see AC ¶ 15), his federal claims based on the County's withholding of documents accrued at the time the County assertedly refused to provide the documents, and not on the date(s) on which any "consequences" of the withholding occurred.  See McCoy, 14 F.3d at 30 (holding, where plaintiff alleged defendant's decision to suspend him constituted deprivation of his federal civil rights, limitations period "triggered" by decision to suspend and "not by the consequences of that act").

      Because the alleged refusal occurred twelve years ago, Yarber's declaratory and injunctive relief claims are subject to a one-year statute of limitations.  See Krupnick, 115 Cal. App. 4th at 1028-30.  Yarber instituted the instant action on May 22, 2009.  (See Document #1.)  Consequently, Yarber's federal claims for declaratory and injunctive relief are barred by the statute of limitations.

      Accordingly, Yarber's federal claims, to the extent they are based on a theory the County has refused to provide documents to Yarber, are subject to dismissal.

**B. State Law Claim**

      In his Fourth Claim for Relief, Yarber alleges a violation of § 6253 of the California Government Code, the California Public Records Act.  Section 6253 provides that "public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record."  See Cal. Gov't Code §6253(a).  A party denied his right to inspect a public document may bring an action to

enforce his right to inspection. See Cal. Gov't Code § 6258.

No specific statute of limitations is provided for causes of action brought under § 6258. Consequently, a four-year statute of limitations applies to such claims. See Cal. Code Civ. Proc. § 343 (providing four-year statute of limitations applies to any claims where specific statute of limitations is not provided).

Here, as discussed above, Yarber alleges the County has withheld the subject documents from him for twelve years. Consequently, Yarber's state law claim is barred by the statute of limitations.

Accordingly, Yarber's state law claim is subject to dismissal.

**C. Leave to Amend**

In his opposition, Yarber requests leave to amend to cure any deficiencies in his Amended Complaint.[1]

Leave to amend is properly denied where amendment would be futile. See Thinknet Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). Here, the claims cannot be saved by amendment and, consequently, further amendment would be futile. As discussed, Yarber's sentence has not been reversed or set aside, and the alleged refusal to provide documents occurred more than a decade before the instant action was filed. See, e.g., Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) (holding district court properly denied plaintiff leave to amend, where amended claims would have been barred by statute of limitations).

Accordingly, Yarber's claims will be dismissed without leave to amend.

//
//
//
//

---

[1] Yarber has previously amended his pleadings one time "as a matter of course." See Fed. R. Civ. P. 15(a)(1). Consequently, any further amendment must be with leave of court. See Fed. R. Civ. P. 15(a)(2).

**CONCLUSION**

For the reasons discussed above, the County of Santa Clara's motion is hereby GRANTED, and the Amended Complaint is hereby DISMISSED without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 24, 2009

MAXINE M. CHESNEY
United States District Judge